## TD Bank, N.A. v Gallery 18 Inc.

2024 NY Slip Op 30531(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 158049/2022

Judge: Suzanne J. Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SUZANNE ADAMS** | PART **39TR** |
| _Justice_ | |

-----------------------------------------X

TD BANK, N.A.,

        Plaintiff,

- v -

GALLERY 18 INC.,ITZHAK BASHIRY

        Defendant.

-----------------------------------------X

| | |
|---|---|
| INDEX NO. | 158049/2022 |
| MOTION DATE | 05/19/2023 |
| MOTION SEQ. NO. | 001 |

_Amended_

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for         **JUDGMENT - SUMMARY**

Upon the foregoing documents, plaintiff's motion for summary judgment is granted.

On or about August 2018, plaintiff, (the "Lender") entered into a Business Loan Agreement (the "Agreement") with Gallery 18 INC., (the "Borrower"), which defendant, Itzhak Bashiry, the owner of Gallery 18 INC., personally guaranteed. (_See_ NYSCEF DOC NO.:4; Commercial Guaranty, dated August 29, 2018). Plaintiff commenced this action in September 2022, alleging that defendants defaulted under the terms of the Agreement and subsequent related documents – _i.e.:_ the Loan Agreement, the Promissory Note, the 2018 Security Agreement, the UCCC-1, the Guaranty, the Change in the Terms Agreement, and the 2019 Security Agreement, (collectively referred to herein as the "Loan Documents"), by failing to make payments allegedly due and owing and failing to cure such 'indebtedness', despite plaintiff's demands.

Plaintiff now moves pursuant to CPLR 3212 for summary judgment against defendants, jointly and severally, for the foreclosure of its security interest in the Collateral and payment for the amounts outstanding under the Loan. Plaintiff also moves pursuant to CPLR 3211(b) to strike defendants' affirmative defenses alleged in its Answer. Defendants oppose the motion.

[* 1]

It is well established that "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see*, CPLR 3026)." *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994). The standard of review on a CPLR 3211(b) motion to dismiss an affirmative defense is "whether there is any legal or factual basis for the assertion of the defense." *Matter of Ideal Mut. Ins. Co.*, 140 A.D.2d 62, 67 (1st Dep't 1988). With respect to motions for summary judgment, it is equally well established that "the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 (1986) (citing *Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 (1985)). The party opposing a motion for summary judgment is entitled to all reasonable inferences most favorable to it, and summary judgment will only be granted if there are no genuine, triable issues of fact. *Assaf v. Ropog Cab Corp.*, 153 A.D.2d 520, 521-22 (1st Dep't 1989).

Plaintiff claims that defendants, as Borrower and Guarantor, respectively, have breached the terms and conditions outlined in Loan Documents, are jointly and severally liable to plaintiff for the Borrower's 'indebtedness' and have waived all rights to assert defenses, claims and/or counterclaims pursuant to the Loan Documents. The Guaranty executed by Bashiry provides that "...[the] guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." Moreover, the Guaranty defines "Indebtedness" as follows:

> The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now

[* 2]

existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others owes or will owe Lender. "Indebtedness" includes, without limitation, loans, advances, debts, overdraft indebtedness, credit card indebtedness, lease obligations, liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements, other obligations, and liabilities of Borrower, and any present or future judgments against Borrower, future advances, loans or transactions that renew, extend, modify, refinance, consolidate or substitute these debts, liabilities and obligations whether voluntarily or involuntarily incurred…

The evidence proffered by plaintiff, including the affidavit of Denyse Castagna, the Assistant Vice-President of TD Bank, N.A., and the related Loan Documents, maintain, *inter alia*, that defendant Bashiry, consented to the 2019 Change in Terms Agreements, and is therefore personally liable for payment and satisfaction of Borrower's 'indebtedness' to Lender. Defendant Bashiry refutes these contentions in his affidavit, claiming that he is not personally liable or obligated to pay for the indebtedness of Borrower to Lender, since he never personally guaranteed the amended agreement. The Guaranty contains a provision requiring the Guarantor to make payments of any indebtedness, voluntarily or involuntarily incurred by the Borrower, including loans or transactions that "…renew, extend, modify, refinance, consolidate or substitute these debts, liabilities and obligations". The language in the Guaranty clearly specifies that the Guarantor is liable for *any present or future judgments* against the Borrower. The 2019 Change in Terms of the Agreement was merely a modification to the initial Agreement that extended additional credit to the Borrower. Moreover, on or about September 18, 2019, the Borrower executed and delivered to plaintiff a Commercial Security Agreement, which included a security interest in, and a lien on and pledge and assignment of the Borrower's assets, *i.e.*: the Collateral, in connection with the amended Agreement. As such, Bashiry consented to guaranteeing the 2019

[* 3]

Change in Terms Agreement and remains personally liable for payment and satisfaction of Borrower's 'indebtedness'.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted as against defendants, *jointly + severally* GALLERY 18 INC. and ITZHAK BASHIRY, and the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants in the amount of $62,347.84, together with interest in accordance with the rates provided for in Loan Documents, from April 20, 2023 through the date of entry of judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs, and attorneys' fees as determined by a Special Referee as set forth hereinbelow; and it is further

ORDERED that the amount of attorneys' fees to be assessed as against defendants is referred for determination to a Special Referee, and that within 60 days from the date of this order plaintiff shall cause a copy of this order with notice of entry, including proof of service thereof, to be filed with the Special Referee clerk (Room 119M, 646-386-3028 or spref@nycourts.gov) to arrange a date for a reference to determine pursuant to CPLR § 4317(b); and it is further

ORDERED that the Clerk is directed to enter judgment in favor of plaintiff and against defendants in accordance with the aforesaid award of damages with interest, costs, and disbursements, and the report of the Special Referee, without any further application.

This constitutes the decision and order of the court.

| | |
|---|---|
| 2-20-24 | SUZANNE J. ADAMS, J.S.C. |
| DATE | |

CHECK ONE:  [X] CASE DISPOSED  [ ] NON-FINAL DISPOSITION

[X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

[* 4]